UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WANDA COSTANZO,                                 )
                    Plaintiff,                  )
                                                )        No. 1:13-cv-9
-v-                                             )
                                                )        HONORABLE PAUL L. MALONEY
GLEN OAKS COMMUNITY COLLEGE,                    )
DR. ANA GALLIAT, and KAREN GANGER,              )
                    Defendants.                 )
_____        )

## ORDER OF REMAND

Plaintiff Wanda Costanzo filed a complaint against Defendants Glen Oaks Community

College ("Glen Oaks"), Ana Galliat, and Karen Ganger.  The complaint was filed in the 45th Circuit

Court in St. Joseph County, Michigan.  Defendants removed the action to this Court under 28 U.S.C.

§ 1441, asserting that the complaint included a federal claim.  This Court finds the complaint does

not state a claim under federal law and remands the action to the 45th Circuit Court.

## DISCUSSION

"As courts of limited jurisdiction, federal courts may exercise only those powers authorized

by the Constitution and statute." *Fisher v. Peters*, 249 F.3d 433, 444 (6th Cir. 2001).  Federal courts

have an obligation to examine whether they have subject-matter jurisdiction over an action.  *See*

*Argaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006) ("The objection that a federal court lacks

subject-matter jurisdiction, see Fed. R. Civ. P. 12(b)(1), may be raised by a party, or by a court on

its own initiative, at any stage in the litigation, even after trial and the entry of judgment.");

*Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 389 (1998) ("No court can ignore the defect [in

it's jurisdiction]; rather a court, noticing the defect, must raise the matter on its own").  When an

action is removed from state court, a federal court must consider whether it has subject-matter

jurisdiction.  *See Probus v. Charter Commc'ns, LLC*, 234 F. App'x 404, 406 (6th Cir. 2007).

Removal statutes should be narrowly construed because federal courts are courts of limited jurisdiction and because removal of a case raises significant federalism concerns.  *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941); *Palkow v CSX Transp., Inc.*, 431 F.3d 543, 555 (6th Cir. 2005).  The Sixth Circuit Court of Appeals follows a policy that "all doubts as to the propriety of removal are resolved in favor of remand."  *Jacada (Europe), Ltd. v. Int'l Mktg. Strategies, Inc.*, 401 F.3d 701, 704 (6th Cir. 2005) (quoting *Coyne v. American Tobacco Co.,* 183 F.3d 488, 493 (6th Cir. 1999)).  If a district court determines that it lacks subject-matter jurisdiction over a removed action, the action must be remanded.  28 U.S.C. § 1447(c).

The complaint does not allege sufficient facts for Defendants to rely on the diversity jurisdiction statute, 28 U.S.C. § 1332.  In fact, the allegations in the complaint say nothing about the citizenship or residences of the individual parties.  The complaint alleges only that Plaintiff Costanzo, Defendant Galliat, and Defendant Ganger, during the relevant time period, worked for Defendant Glen Oaks. (Compl. ¶¶1, 4, and 5.)  The complaint does allege that Defendant Glen Oaks is a public body under the law of the State of Michigan.  (Compl. ¶ 2.)

Neither does the complaint allege sufficient facts for Defendants to rely on the federal question statute, 28 U.S.C. § 1331.  The complaint filed in state court alleges three counts: (1) age discrimination under Michigan's Elliott-Larson Civil Right Act, (2) denial of procedural due process, and (3) defamation.  The first count states a claim under a Michigan statute.  The third count states a state tort claim.  Upon a careful review of the complaint, Plaintiff Costanzo does not specify whether her claim for a violation of procedural due process arises under the Michigan Constitution, the United States Constitution, or both.  *Cf., By Lo Oil Co. v. Dep't of Treasury*, 267 Mich. App. 19,

28-29, 703 N.W.2d 822 (2005) ("Both the Michigan Constitution and the United States Constitution preclude the government from depriving a person of life, liberty, or property without due process of law."). Under the "well-pleaded complaint" rule, the plaintiff, as the master of the complaint, may choose to avoid federal court by eschewing federal claims and relying exclusively on state law. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 391 (1987). When, as has happened here, the plaintiff chooses not to specify whether the right arises under the state or the federal constitution, doubt arises about the propriety of federal jurisdiction. In this circuit, that doubt is resolved against federal jurisdiction and in favor of remand. *See Jacada (Europe), Ltd.*, 401 F.3d at 704. *See, e.g, Toledo Police Patrolmen's Assoc. v. City of Toledo*, 167 F.Supp.2d 975, 976 (N.D. Ohio 2001) (involving a dispute over legal fees where the prior action had been remanded to the state court because the only basis for federal jurisdiction was an ambiguous claim for a violation of due process, and where the plaintiff agreed to withdraw any federal claim while maintaining that no federal claim was asserted in the first place).

## CONCLUSION

Because the complaint does not clearly state a claim arising under federal law, this Court lacks jurisdiction over the action. The action is, therefore, **REMANDED** to the 45th Circuit Court in St. Joseph County, Michigan. **IT IS SO ORDERED.**

Date:   January 17, 2013                              /s/ Paul L. Maloney
                                                      Paul L. Maloney
                                                      Chief United States District Judge